## MITCHELL *vs.* WELDEN.

*Twelfth Judicial District Court, July,* 1857.

CONVEYANCES—HOMESTEAD.

A deed of land conveys nothing without delivery.

It requires the signature of a wife to a deed to divest real estate of its quality of homestead, after being once so dedicated.

If a person leaves the State *temporarily,* the signature of the wife is necessary to convey the homestead, though she may be residing abroad with the husband ; but if he leaves *permanently,* it is not necessary.

This was an action of ejectment, to recover one undivided half of a tract of land situated at Hunter's Point. The facts were as follows :

Defendant, being owner, and in possession of the land in question, conveyed the same to Wm. B. Swain, on the 17th of February, 1855. On the 17th of April, of the same year, Swain conveyed to the plaintiff in this action. Welden was a married man at the time he executed his deed. He and his wife left California in January, 1853, under a contract of partnership, by which he was to repair to Shoalwater Bay, in Washington Territory, there to erect a saw mill, establish a trading post, deal in produce, &c., in connection with his partners, who were to attend to the interests of the firm in San Francisco. The contract was for one year. Welden went to Washington Territory with his wife, where they remained parts of the time, as late as March, 1855 ; but both were in the habit of making frequent visits to San Francisco, on which occasion they often visited the premises in question, where they had previously resided, and which they had cultivated, etc.

At the time he executed his deed to Swain, the defendant received a written agreement, executed by Swain, bearing the same date, agreeing that the deed was without consideration, and promising to reconvey the premises upon demand. This instrument was not acknowledged or recorded.

The plaintiff objected to any testimony offered by defendant on the subject of homestead under his separate answer, contending that the homestead, if any, was a joint estate, in husband and wife, and that

the husband was estopped by his deed from any separate defense on this ground, no intervention being made by the wife, citing Poole vs. Gerard, 6 Cal. Jan'y, and Sargent vs. Wilson, 5 Cal. 504. The objection, however, was overruled, and the evidence admitted.

The plaintiff also objected to the introduction to the jury of the agreement to reconvey, on the grounds :

1st. That it was not under seal, acknowledged, or recorded, and that there was no fair proof of actual notice to plaintiff.

2d. That with or without notice to plaintiff it formed only an equitable defense, which was inadmissible in an action at law, to defeat a strictly legal title, vested in the plaintiff; citing Chitty's Pleading, 2 7 Term Rep., 50 ; Ib., 667 ; 2 Greenleaf on Ev., 331.; 2 John. Cases, 321 ; Adams on Ejectment, 32, and also modern cases in N. Y., since the change in the code of practice. 3 Code Rep., 49; Sandf. 671 ; 4 How. Pr. R., 272 ; Ib., 317 ; 2 Cal., 463 ; 4 Cal

The objection was nevertheless overruled, and the evidence admitted, his Honor, however, expressing great doubt upon the subject of its propriety.

Counsel for the plaintiff argued that :

1st. The facts showed a *bona fide* residence of the defendant and wife out of this State, at the date of executing the deed, with a permanent *animus manendi*, and that the deed was good, and passed all defendant's title, the premises having thus lost their character of homestead ; and,

2d. That the plaintiff had no actual or constructive notice of the equity claimed to exist between Swain and Welden.

Defendant's counsel argued *per contra.*

*Isaac J. Wistar*, for plaintiff.

*Love & Provines*, for defendant.

NORTON, J., charged the jury as follows :

The plaintiff in this action must recover on his title alone. A deed from one person to another, conveying land, is of no effect and passes nothing until delivery. If the jury believe that the deed from Swain to plaintiff was not delivered before the commencement of this suit, he cannot recover. Residence with a family on the premises, *prima fa-*

cie makes them a homestead. While the premises were a homestead it was out of Welden's power to convey them without the concurrent action of his wife. If, however, it had ceased to be their homestead, then the wife's signature is immaterial. At the time of the execution of the deed to plaintiff, the premises continued a homestead if the wife had not abandoned residence there. If Welden went to Washington Territory with the intention of making only a temporary residence or stay there, and of eventually returning to this State, as his home, then it was necessary for his wife to execute the deed conveying the premises, with him, in order to render it valid, to convey them, although she should then have been living in Washington Territory, and should have continued to reside there subsequently. But if they went there with the view of making it their permanent home, then it was not necessary for the wife to join. If Swain was bound by his written agreement made with Welden at the time the latter made the deed to him, then Mitchel, the assignee of Swain, is also bound, and therefore cannot recover. Undoubtedly Swain was bound to convey to Welden, whether Welden was indebted to him or not. The agreement was absolute. If, then, Swain would have been bound by the terms of this agreement, to reconvey the premises to Welden, Mitchel must show affirmatively that he bought and paid for the land in good faith, and without notice of this agreement, or he cannot recover.

The jury found for the plaintiff.